UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES EARL EVANS,

                              Plaintiff,

          -against-

LYNDSAY SANTA, Case Manager;
BROOKE LIVINGSTON, Case Worker,

                              Defendants.

23-CV-0626 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Elmira Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his civil rights when they informed his wife that should she remain in a relationship with Plaintiff, they would ensure that Plaintiff and his wife would "never see [our] boys ever again." (ECF 5, at 2.)

By order dated February 15, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1). Plaintiff filed this complaint without paying the filing fees or submitting an IFP application. The Court directed him to pay the fees or request that the fees be waived, and he submitted an IFP application, which the Court granted on February 15, 2023.

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks

and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint. On February 12, 2022, at 10:00 a.m.,

Defendants Lyndsay Santa and Brooke Livingston, employees of the Orange County Department

of Social Services, "made the statement to my wife that if we stayed together she would make

sure we never see [our] boys ever again."[2] (ECF 5, at 2.) Plaintiff asserts, "my relationship status

should have nothing to do with the return of my children when in fact that [our] children has

never been in any danger while in [our] care." (*Id.* at 2-3.)

The complaint does not include facts regarding any family court proceedings, except

Plaintiff's allegation that he requested a "change of venue to get rid of this judge [b]ecause they

are friends." (*Id.* at 2.) Plaintiff states that he "want[s] this person [reprimanded] and forced to

step down from the [position] that she's holding." (*Id.*) He also seeks money damages.

According to publicly available records, maintained by the New York State Department

of Corrections and Community Supervision ("DOCCS"), DOCCS took custody of Plaintiff on

January 3, 2023, following his conviction of aggravated family offense.[3]

---

[2] All spelling, grammar, and punctuation are as in the original, unless noted otherwise.

[3] *See* DOCCS, Inmate Locator, James E. Evans, https://nysdoccslookup.doccs.ny.gov.

**DISCUSSION**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaint contains very few facts, and accordingly, it does not suggest a plausible legal claim. Plaintiff's allegation that one of the two named defendants informed his wife that if she maintained a relationship with Plaintiff, he and his wife "would . . . never see [our] boys every again," does not provide enough information to support a federal claim. For example, it is unclear whether Plaintiff's rights as a parent were affected by this statement during any family court proceeding. It also is not clear from the complaint which defendant offered this statement, in what setting, and how Plaintiff learned of the statement. For these reasons, the Court grants Plaintiff leave to file an amended complaint alleging additional facts suggesting a plausible claim for relief.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim regarding his rights as a parent, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a) the names and titles of all relevant people;

    b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## NEW YORK LEGAL ASSISTANCE GROUP

Plaintiff may consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant. Once received, it may take up to two weeks for the Clinic to contact the litigant. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-0626 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 8, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name          Middle Initial          Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                          State                          Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were
harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach
additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

# NYLAG
### New York    Legal Assistance Group

**LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
SOUTHERN DISTRICT OF NEW YORK**

LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

## I.   LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future.  If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

## II.   FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance.  You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility.  NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time.  NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V.  REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____         _____
Signature                                                                              Date

**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

Revised 10/30/22

# NYLAG
**New York** **Legal Assistance Group**

**Name** _____          **Date of Birth** _____

**Facility** _____

**Identification #** _____          **Email (if available)**_____

<u>**How did you hear about our clinic? (Circle One)**</u>

Pro Se Intake Office                    Order/Letter from the Judge              Conference/Hearing with the Judge

Pro Se Information Package          Website                                        Friend/Family

Other _____

<u>**Ethnicity (Circle One)**</u>

Asian/Pacific Islander                  Hispanic                                      Caucasian

African American                        Middle Eastern                            Decline to Answer

African                                      Caribbean

Native American                         South Asian

<u>**Education Level (Circle One)**</u>

8th Grade or Less                       GED                                           2-4 years of College/Vocational School

Some high school                        College graduate                          Decline to Answer

High school graduate                   Graduate degree

<u>**Gender:**</u> _____

<u>**SDNY Case Number:**</u> _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

